# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WALTER MONROE,**

    **Plaintiff,**

    v.

**K. RUMER,** *et al.,*

    **Defendants.**

Civil Action 2:11-cv-180
Judge Michael H. Watson
Magistrate Judge E.A. Preston Deavers

## REPORT AND RECOMMENDATION

Plaintiff, Walter Monroe, a state-prison inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants have demonstrated deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Motion for a Temporary Restraining Order (ECF No. 32) and Defendants' Memorandum in Opposition (ECF No. 34). For the reasons stated below, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion.

### I.

According to Plaintiff, upon arriving at London Correctional Institution ("LCI"), the prison medical team diagnosed him with severe nerve damage to his hand. Plaintiff alleges that the nerve damage "[p]revents him from doing such tasks as lifting and holding onto objects[] and prevents him from performing certain jobs . . . ." (Compl. 5, ECF No. 10.) He cites handling hot

and heavy objects as tasks that he cannot perform safely as a result of his nerve damage. Plaintiff further alleges that Defendants were aware of his medical condition, but that they nevertheless placed in him the kitchen, where he was asked to perform the types of tasks that his injury prevented from doing safely. As a result, he sustained burns to his hand when it came in contact with hot water. He explains that the hot water outlet was not properly marked, and because of his nerve damage, he could not feel the hot temperature of water that burned his hand.

In his Motion, Plaintiff asserts that he has learned that Defendants are going to reassign him to work in the prison kitchen. Plaintiff asks this Court for an order enjoining Defendants from assigning him to the kitchen. In support of his Motion, Plaintiff asserts that his condition has not improved and that he is unable to perform work in the kitchen.

Defendants oppose Plaintiff's Motion. Defendants acknowledge that Plaintiff's nerve damage prevents him from working with his left extremity. Defendants do not describe the tasks that Plaintiff was required to perform in his prior position. They do, however, represent that his present work assignment as a line server will not require him to utilize his left extremity. Defendants therefore submit that Plaintiff's present work assignment "does not expose him to any condition that could reasonably lead to injury, whether serious or minor, taking into account the limitations with his left hand/arm." (Defs.' Mem. in Opp. 7, ECF No. 34.) Defendants explain as follows:

> The Plaintiff's job duties are to serve either an entree, side dish, dessert, or bread for the inmates' meals. . . . . In the event Inmate Monroe should be in a position to have to serve hot consumables such as coffee, soup, or other hot liquids, the use of his left/hand arm would not be necessary. As a result, the lack of feeling in his left hand leaves him in no way vulnerable to injury due to his present work requirements.

(*Id.*)

## II.

Plaintiff requests a restraining order. Federal Rule of Civil Procedure 65(a) and (b) permit a party to seek injunctive relief when the party believes he or she will suffer immediate and irreparable injury, loss, or damage. Fed. R. Civ. P. 65(a) and (b). Because Defendant was noticed of and responded to Plaintiff's Motion, it is properly treated as one for a preliminary injunction. *See First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

A district court considering the extraordinary remedy of a preliminary injunction must consider whether the movant has established following four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id*. "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted); *see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

**III.**

Plaintiff asserts that in re-assigning him to the prison kitchen, Defendants have demonstrated deliberate indifference to his serious medical needs. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotation marks and citations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained the standard as follows:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011).

In this case, after consideration of the four factors, the undersigned recommends that the Court deny Plaintiff's Motion. With regard to his present kitchen placement, Plaintiff has not demonstrated a strong likelihood of success on the merits or that he would suffer irreparable harm if the Court declines his request for an injunction. Defendants have represented that Plaintiff's new position will not require him to utilize his left extremity, thereby eliminating the risk of further injury. Thus, the undersigned concludes that Plaintiff has not shown that Defendants failed to take reasonable measures to abate the risk of another injury. The undersigned further finds that the other two factors relevant to issuing injunctive relief likewise

do not support the issuance of Plaintiff's requested interim injunctive relief. The substantial harm to others factor is neutral. The final factor militates against issuing the requested injunctive relief because the Court's interference into LCI's inmate work assignments would not serve the public interest. *See Glover v. Johnson*, 855 F.2d 277, 286–87 (6th Cir. 1988) (counseling against court intrusion into the affairs of a state penal institution in the absence of the most compelling situations, such as showing of a violation of constitutional rights). Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 32)

## IV.

For all of the reasons set forth above, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 32.)

### **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


DATE: April 23, 2012                        /s/ *Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**