# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WALTER MONROE,**

    **Plaintiff,**

v.

**Civil Action 2:11-cv-180**
**Judge Michael H. Watson**
**Magistrate Judge E.A. Preston Deavers**

**K. RUMER, et al.,**

    **Defendants.**

## ORDER

Plaintiff, Walter Monroe, who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants have demonstrated deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution. This matter is before the Court for consideration of the April 23, 2012 Report and Recommendation of the United States Magistrate Judge (ECF No. 36) and Plaintiff's Objection to the Report and Recommendation (ECF No. 39).

Plaintiff filed a timely objection to the Report and Recommendation under Federal Rule of Civil Procedure 72(b). If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In this case, the Magistrate Judge recommended denial of Plaintiff's Motion for a Temporary Restraining Order. In his Motion, Plaintiff sought a Court order enjoining Defendants from re-assigning him to the prison kitchen. In recommending denial, the Magistrate Judge recognized the severity of the nerve damage to Plaintiff's left hand. She concluded, however, that interim injunctive relief was not warranted because the new position did not require him to utilize his left extremity, thus eliminating the risk of further injury.

Plaintiff objects to the Magistrate Judge's recommendations, stating as follows:

> Plaintiff, Walter Monroe, objects to the failure of the magistrate [judge] to include the attachments submitted in the R&R. These attachments show[] the seriousness of the injuries sustained by Monroe. And for this reason, they should have been considered; especially since defendants are attempting to play down the seriousness of Monroe's medical condition.

(Pl.'s Objection 1, ECF No. 39.)

The Court has reviewed the Report and Recommendation and Plaintiff's Objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b). Plaintiff's Objection lacks merit. That the Magistrate Judge did not attach documents relating to Plaintiff's injury does not require the conclusion that she did not consider those documents. Rather, as set forth above, the Magistrate Judge considered the seriousness of Plaintiff's injury, but recommended denial because the new position would not impact his injury. Because the decision and analysis of the Magistrate Judge is correct, the Court **ADOPTS** the March 14, 2012 Report and Recommendation (ECF No. 6), **OVERRULES** Plaintiff's Objections (ECF No. 12), and **DENIES** Plaintiff's Motion for a Temporary Restraining Order (ECF No. 32.)

2

IT IS SO ORDERED.

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT