UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WALTER MONROE,

        Plaintiff,

                                        Civil Action 2:11-cv-180
     v.                             Judge Michael H. Watson
                                    Magistrate Judge Elizabeth P. Deavers

K. RUMER, *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

•       Plaintiff, Walter Monroe, a state-prison inmate proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants have demonstrated deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution. This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendants' unopposed Motion for Summary Judgment (ECF No. 42).  For the reasons stated below, it is **RECOMMENDED** that the Defendants' Motion be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE**.

### I.

According to Plaintiff, upon arriving at London Correctional Institution ("LCI") in February 2010, the prison medical team diagnosed him with severe nerve damage to his hand. Plaintiff alleges that the nerve damage "[p]revents him from doing such tasks as lifting and holding onto objects[] and prevents him from performing certain jobs . . . ."  (Compl. 5, ECF No.

10.)  He cites handling hot and heavy objects as tasks that he cannot perform safely as a result of his nerve damage.  Plaintiff further alleges that Defendants Kristine Rumer, former Healthcare Administrator at LCI, and Brian Kesssler, Administrative Assistant at LCI, "knew or reasonably should have known" of his medical condition, but that they nevertheless placed in him the kitchen, where he was asked to perform the types of tasks that his injury prevented him from doing safely.  (*Id*.)  He alleges that he sustained a burn to his hand when it came in contact with hot water.  Plaintiff explains that the hot water outlet was not properly marked, and because of his nerve damage, he could not feel the hot temperature of the water that burned his hand.  He contends that Defendant Warden Timmerman-Cooper is also responsible because she failed to ensure that the outlets were properly marked.

On December 5, 2010, Plaintiff filed an Informal Complaint Resolution ("ICR") with Institutional Health Services ("IHS") stating in its entirety as follows: "I was seen several weeks ago in reference to a severe burn I received on my hand.  You were told at such time I had no feeling in this hand and the treatment given has been inappropriate.  I am not any better."  (Dec. 5, 2010 ICR, ECF No. 42-18.)  Defendant Kessler responded on December 8, 2010, noting that Plaintiff had obtained treatment twice for the blister on his finger and was provided antibiotic ointment and bandaids.  He concluded that Plaintiff's treatment had been reasonable and instructed him to sign up for sick call if he continued to experience issues.  (*Id*.)

Plaintiff subsequently obtained a Notification of Grievance Form ("NOG") for purposes of appealing his December 5, 2010 ICR.  He completed the NOG on December 16, 2010, but sent it directly to the Chief Inspector's Office in Columbus, Ohio rather than to LCI's Institutional Inspector, DeCarlo Blackwell.  The Office of Chief Inspector returned the NOG to

2

Plaintiff, attaching correspondence that set forth the deficiencies in his submission and encouraged him to contact the Inspector at his facility in the event he did not understand the grievance process.  (Jan. 7, 2011 Corres., ECF No. 42-20.)  Plaintiff submitted the NOG to Institutional Inspector Blackwell on January 27, 2011.  Institutional Inspector Blackwell responded to his NOG on January 31, 2011.  (Jan. 31, 2011 Disp. of Griev., ECF No. 42-21.)  He dismissed Plaintiff's complaint, noting that he had failed to properly follow grievance procedures and that the medical care he had been receiving was adequate.  (*Id*.)  He advised Plaintiff to sign up for Doctor's Sick Call if he desired to obtain a medical restriction.  (*Id*.)  Finally, Institutional Inspector Blackwell informed Plaintiff that if he wished to appeal his decision to the Chief Inspector, he must do so within fourteen days.  (*Id*.)  Plaintiff failed to timely appeal Institutional Inspector Blackwell's denial of his grievance.  (Blackwell Aff. ¶ 13–14, ECF No. 42-17.)  Plaintiff filed the instant action on February 28, 2011.  (ECF No. 1.)

Defendants filed the subject Motion for Summary Judgment on May 17, 2012.  (ECF No. 42.)  Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.  Defendants alternatively posit that summary judgment is appropriate because Plaintiff cannot demonstrate either the subjective or objective components of a medical indifference claim.  Defendants also submit that Plaintiff's  he cannot demonstrate the requisite personal involvement of any Defendant.

In lieu of responding to Defendants' Motion, Plaintiff moved for a stay of briefing until such time as the Court could appoint a specialist to examine him.  (ECF No. 44.)  On November 9, 2012, the Undersigned denied Plaintiff's Motion and ordered him to respond to Defendants'

Motion within twenty-one days.  (ECF No. 48.)  On November 27, 2012, the Court overruled

Plaintiff's objections to the denial of his request for a stay and adopted and affirmed the

Undersigned's November 9, 2012 Order.  (ECF No. 50.)  Thereafter, Plaintiff filed a Notice of

Appeal (ECF No. 51) and a Motion for Leave to Appeal *In Forma Pauperis* (ECF No. 52).  On

January 2, 2013, the Court issued an Order construing Plaintiff's filing as a motion for

certification under 28 U.S.C. § 1292(b) that he may immediately file an interlocutory appeal

from the Court's November 27, 2011 Order.  (ECF No. 54.)  The Court denied Plaintiff's

requests and advised him that if he intended to respond to Defendants' Motion for Summary

Judgment, he must do so within seven days.  Plaintiff did not timely file a response to

Defendants' Motion.  Instead, on January 14, 2013, he again moved for a certificate of

appealability and for leave to appeal *in forma pauperis*.  (ECF No. 55.)  On January 15, 2013,

the Court denied Plaintiff's Motion and noted that he had forfeited his right to respond to

Defendants' Motion for Summary Judgment.  (ECF No. 56.)  Accordingly, Defendants' Motion

is now ripe for review.

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if

the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The moving party has the initial

burden of proving that no genuine issue of material fact exists, and the court must draw all

reasonable inferences in the light most favorable to the nonmoving party."  *Stansberry v. Air*

*Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.*

Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's

assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at \*3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record").  "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

## III.

The Undersigned concludes that Defendants are entitled to summary judgment on the grounds that Plaintiff failed to properly satisfy the exhaustion requirements set forth in the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a).

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA . . . .'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)).  Defendants bear the burden of proof on the affirmative defense of exhaustion. *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225

5

(6th Cir. 2011) (citations omitted) ("[F]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants."). "Summary judgment is appropriate only if defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion." *Surles*, 678 F.3d at 455. "When a prisoner's complaint contains a combination of exhausted and unexhausted claims, courts are to dismiss the unexhausted claims but retain and address the exhausted claims." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 500 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 220–24).

Under 42 U.S.C. § 1997e(a), as amended by the PLRA, "a prisoner confined in any jail, prison, or other correctional facility" may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citation omitted)). This mandatory exhaustion requirement applies to all lawsuits relating to prison conditions, regardless of the nature of the wrong or the relief sought. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). To properly exhaust, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . . . follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Jones*, 549 U.S. at 217–18 (noting that proper exhaustion requires "[c]ompliance with prison grievance procedures").

Ohio has established a procedure for resolving inmate complaints. Ohio Admin. Code §

6

5120–9–31.  To properly exhaust a claim seeking relief "regarding any aspect of institutional life that directly and personally affects the [inmate]," an inmate at an ODRC facility must comply with its three-step grievance system.  *Id.*  For the first step, the inmate must submit an informal complaint to the staff member or to the direct supervisor of the staff member or to the department most directly responsible over the subject matter with which the inmate is concerned.  Ohio Admin. Code § 5120–9–31(K)(1).  If the inmate is not satisfied with the results at the first step, he may take the second step by filing a formal grievance with the inspector of institutional services at the prison where he is confined.  Ohio Admin. Code § 5120–9–31(K)(2).  That inspector will investigate the matter and issue a written response to the inmate's grievance within fourteen calendar days of receipt.  *Id.*  If the inmate is still dissatisfied, he may pursue the third step, which is an appeal to the office of the Chief Inspector of ODRC.  Ohio Admin. Code § 5120–9–31(K)(3).  An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector.  If an inmate has a grievance against the warden or inspector of institutional services, he must file it directly to the office of the Chief Inspector, whose decision is final.  Ohio Admin. Code § 5120–9–31(M).

Defendants have satisfied their burden of proving that Plaintiff failed to exhaust his administrative remedies.   As set forth above, Plaintiff was required to "properly exhaust" his claims, which required him to follow the "critical procedural rules" of ODRC's grievance process.  *See Reed-Bey*, 603 F.3d at 324.  ODRC's rules relating to when an appeal of a grievance becomes ripe certainly constitute "critical procedural rules."  Plaintiff's submission of a NOG with the Chief Inspector on December 16, 2010, was improper because he had not first submitted it to the Institutional Inspector.  Thus, the Chief Inspector's Office properly declined

to consider the NOG.  Significantly, the Chief Inspector took no affirmative action that could have misled Plaintiff into believing that he had complied with ODRC's procedures.  Rather, the Office of Chief Inspector returned the NOG to Plaintiff with correspondence outlining the deficiencies in his submission.  Further, Plaintiff did not file an appeal of Institutional Inspector Blackwell's January 31, 2011 denial of his NOG within the requisite fourteen days.  Thus, the Undersigned **RECOMMENDS DISMISSAL** of Plaintiff's claims **WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies.  *See Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)) ("A dismissal under § 1997e should be without prejudice.")  The conclusion that Plaintiff failed to exhaust his administrative remedies obviates the need for consideration of Defendants' alterative bases for summary judgment.

## IV.

For all of the reasons set forth above, it is **RECOMMENDED** that the Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies.  (ECF No. 42.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


**DATE: January 22, 2013**               */s/  Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **UNITED STATES MAGISTRATE JUDGE**

9