**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WALTER MONROE,**

      **Plaintiff,**

                                    **Case No. 2:11–cv–180**
**v.**                               **Judge Michael H. Watson**
                                      **Magistrate Judge Elizabeth P. Deavers**

**K. RUMER, *et al.*,**

      **Defendants.**

**<u>ORDER</u>**

Plaintiff, Walter Monroe, who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983, alleging that Defendants have demonstrated deliberate indifference to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution.  This matter is before the Court for consideration of the January 22, 2013 Report and Recommendation of the United States Magistrate Judge, ECF No. 57, and Plaintiff's Objection to the Report and Recommendation, ECF No. 62.

Plaintiff filed a timely objection to the Report and Recommendation under Federal Rule of Civil Procedure 72(b).  If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b).

Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In this case, the Magistrate Judge recommended that the Court grant Defendants' Motion for Summary Judgment and that Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies. Within the Report and Recommendation, the Magistrate Judge correctly set forth the standards governing summary judgment decisions under Federal Rule of Civil Procedure 56; the exhaustion requirements set forth in the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a); and Ohio's three-step grievance procedure for resolving inmate complaints. See Jan. 22, 2013 Report and Rec. 5–7, ECF No. 57. The Court incorporates by reference the Magistrate Judge's recitation and discussion of the Rule 56 standards, the PLRA's exhaustion requirements, and Ohio's grievance procedure.

In concluding that Defendants were entitled to summary judgment on exhaustion grounds, the Magistrate Judge reasoned as follows:

> Defendants have satisfied their burden of proving that Plaintiff failed to exhaust his administrative remedies. As set forth above, Plaintiff was required to "properly exhaust" his claims, which required him to follow the "critical procedural rules" of ODRC's grievance process. See Reed-Bey, 603 F.3d at 324. ODRC's rules relating to when an appeal of a grievance becomes ripe certainly constitute "critical procedural rules." Plaintiff's submission of a [Notification of Grievance Form ("NOG")] with the Chief Inspector on December 16, 2010, was improper because he had not first submitted it to the Institutional Inspector. Thus, the Chief

Inspector's Office properly declined to consider the NOG. Significantly, the Chief Inspector took no affirmative action that could have misled Plaintiff into believing that he had complied with ODRC's procedures. Rather, the Office of Chief Inspector returned the NOG to Plaintiff with correspondence outlining the deficiencies in his submission. Further, Plaintiff did not file an appeal of Institutional Inspector Blackwell's January 31, 2011 denial of his NOG within the requisite fourteen days. Thus, the Undersigned **RECOMMENDS DISMISSAL** of Plaintiff's claims **WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies. *See Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)) ("A dismissal under § 1997e should be without prejudice.") The conclusion that Plaintiff failed to exhaust his administrative remedies obviates the need for consideration of Defendants' alterative bases for summary judgment.

*Id.* at 7–8.

Plaintiff objects on two grounds. First, he asserts that either the grievance he sent to the Chief Inspector on December 16, 2010 or the appeal he made of Inspector Blackwell's January 31, 2011 denial satisfied his exhaustion requirements. Second, Plaintiff posits that the Magistrate Judge, in connection with her initial screen of his Complaint, determined that he had sufficiently exhausted his claims.

The Court has reviewed the Report and Recommendation and Plaintiff's Objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) and concludes that Plaintiff's objections lack merit. With regard to his first objection, the December 16, 2010 appeal to the Chief Inspector was improper because Monroe had not first appealed to Inspector Blackwell. In addition, Inspector Blackwell stated in his affidavit that Monroe did not appeal Blackwell's January

31, 2011 order. Blackwell Aff. ¶¶ 13–14, ECF No. 42-17. Accordingly, the Magistrate Judge was correct to recommend a dismissal for failure to exhaust remedies.

Plaintiff's second objection is equally unavailing. Contrary to Plaintiff's assertion, the Magistrate Judge made no explicit findings concerning whether he had sufficiently exhausted his claims as required under the PLRA in connection with her initial screen under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See* April 5, 2011 Order 2, ECF No. 8 (simply stating that "[h]aving performed the initial screen of the Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that, at this juncture, the matter can proceed on Plaintiff's Eighth Amendment medical indifference claims under 42 U.S.C. § 1983.") Further, permitting claims to proceed at the initial screening stage does not constitute an implicit finding that the inmate properly exhausted administrative remedies. As the Magistrate Judge explained in the Report and Recommendation, Defendants bear the burden of proof on the affirmative defense of failure to exhaust prison remedies prior to bringing suit. *See id* at 5–6 (citing *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012); *Jones v. Bock*, 549 U.S. 199, 216 (2007); and *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). For this reason, "under the Prison Litigation Reform Act, an inmate's § 1983 claim may not be dismissed at the screening stage for failure to plead or attach exhibits with proof of exhaustion." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (internal

quotation marks and citation omitted).  Put simply, the Magistrate Judge did not make any determinations regarding exhaustion in connection with her initial screening of Plaintiff's Complaint, either explicitly or implicitly.

In sum, because the decision and analysis of the Magistrate Judge is correct, the January 22, 2013 Report and Recommendation, ECF No. 57, is **ADOPTED**, Plaintiff's Objections, ECF No. 62, are **OVERRULED**, Defendants' Motion for Summary Judgment, ECF No. 42, is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**